**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: August 5 2016

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-35802 |
| | ) | |
| Nick A. Albright | ) | Chapter 7 |
| Mary A.F. Albright | ) | |
| Debtor(s). | ) | Adv. Pro. No. 15-3067 |
| | ) | |
| Nick A. Albright | ) | Judge John P. Gustafson |
| Mary A.F. Albright | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| v. | ) | |
| | ) | |
| Maumee Valley Credit Union | ) | |
| | ) | |
| Defendant(s). | ) | |

### DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This case came before the court on cross-motions for summary judgment on Debtors' Complaint [Doc. #1] filed by the Plaintiffs, Debtors Nick A. Albright and Mary A.F. Albright, and the Defendant, Maumee Valley Credit Union. [Doc. ##13, 14]. The facts do not appear to be in dispute.

The Complaint was filed to determine the validity of a Reaffirmation Agreement that the Debtors entered into with Defendant Maumee Valley Credit Union ("Credit Union") on a second mortgage. The Reaffirmation Agreement documents were timely filed, but there were two problems with the documents: 1) an obsolete form was used for the Reaffirmation Agreement; and 2) the Filer's Certification on the Reaffirmation Agreement Cover Sheet was not signed.

**1. The Use Of An Obsolete Reaffirmation Agreement Form.**

The parties spend some time on the issue of the use of an obsolete Reaffirmation Agreement form. Debtors point to Local Bankruptcy Rule 4008-1. At the time the reaffirmation agreement in issue was filed, LBR 4008-1 stated: "All reaffirmation agreements filed with the Court pursuant to 11 U.S.C. § 524(c) shall conform to the most current Form B240A or Form B240A/B promulgated by the Administrative Office of the United States Courts. Copies of the most current forms are available from the Clerk."[1]

The reason that the modification made to the Local Rules was merely "technical" was because it reflected a change in the way the Official Forms were numbered - moving from a three digit to a four digit system of numbering - and was not based on any substantive changes in the forms themselves.

Still, it appears that the form used by Defendant was not the current form in use at the

---

[1]/ Local Bankruptcy Rule 4008-1 was modified by Order No. 2015-16, titled "Technical Modification to Local Bankruptcy Rule 4008-1" issued by the United States District Court for the Northern District of Ohio on November 10, 2015 ("General Order"). The General Order states: "All reaffirmation agreements filed with the Court pursuant to 11 U.S.C. § 524(c) shall conform to the most current Form B2400A or Form B2400A/B promulgated by the Administrative Office of the United States Courts. Copies of the most current forms are available from the Clerk." (Redline/strikeouts omitted). *Available for review at*, www.ohnb.uscourts.gov/ at "Judges' Info", "General Orders".

time the Reaffirmation Agreement was filed on January 30, 2012, as required by Local Rule 4008-1.

In response, Defendant Credit Union points to Federal Rule of Bankruptcy Procedure 9009, which states that:

> Except as otherwise provided in Rule 3016(d), the Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate. Forms may be combined and their contents rearranged to permit economies in their use. The Director of the Administrative Office of the United States Courts may issue additional forms for use under the Code. The forms shall be construed to be consistent with these rules and the Code.

Defendant argues that the Bankruptcy Rules provide for use of the Official Forms "with alterations", and also instruct that such forms be construed so as to be consistent with the Code. The Advisory Committee notes reflect that the use of the Official Forms has generally been held subject to a "rule of substantial compliance". It should also be noted that the changes that were made to the reaffirmation agreement form have been described as deviating somewhat from the actual statutory requirements. *See*, *Gomez v. Wells Fargo Bank, N.A. (In re Gomez)*, 473 B.R 322, 325 (Bankr. W.D. Ark. 2012)("[T]he new form only generally complies with the provisions of § 524(c)(2) and (k) but appears to be written to make it easier to understand.").

Both parties discuss the decision in *In re Orrison*, 343 B.R. 906 (Bankr. N.D. Ind. 2006) which involved an altered Petition form, which interfered with administrative efficiency and was required to be replaced by the court. In this case, the Reaffirmation Agreement form that was used was an old version of the Official Form B240. There was no intervening change in the law, and the changes that were made to the form in 2011 were "to

3

15-03067-jpg    Doc 15    FILED 08/05/16    ENTERED 08/05/16 16:52:22    Page 3 of 16

make it easier to understand." *Gomez*, 473 B.R. at 325. While Local Bankruptcy Rule 4008-1 clearly requires that reaffirmation agreements "shall conform to the most current" Official Forms, there is flexibility in the information that can be (and should be) included in a reaffirmation agreement. Further, the requirements for what must be in a reaffirmation agreement are set forth in Section 524 of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 9029 limits what courts can do in enacting local rules. *See*, *Suggs v. Regency Fin. Corp. (In re Suggs)*, 377 B.R. 198, 205-206 (8th Cir. BAP 2007) *quoting*, *McGowan v. Ries (In re McGowan)*, 226 B.R. 13, 19 (8th Cir. BAP 1998)("A local rule may only be upheld if: (a) it is consistent with the Bankruptcy Code in that it does not 'abridge, enlarge, or modify any substantive right,' as required by 28 U.S.C. §2075; and (b) it is 'a matter of procedure not inconsistent with' the Bankruptcy Rules as required by Bankruptcy Rule 9029.").

While the parties have made several arguments related to "Official Forms", those arguments are not directly applicable here. The Reaffirmation Agreement form is not actually an "Official Form". Instead, it is a "Director's Bankruptcy Form"[2] (or "Director's Procedural Form"[3] or "Director's Form"). *See*, *In re Binion*, 2006 WL 2668464 at *2, 2006 Bankr. LEXIS 2372 at *5 (Bankr. N.D. Ohio Sept. 15, 2006). These "additional forms" are authorized to be issued by the Director of the Administrative Office of the United States Courts by Federal Rule of Bankruptcy Procedure 9009:

> The Director of the Administrative Office of the United States Courts may

---

[2]/ The term used on the U.S. Courts website. Descriptions begin: "This is a Director's Bankruptcy Form." *See*, http://www.uscourts.gov/forms/bankruptcy-forms .

[3]/ *In re Byington*, 454 B.R. 648, 659 n.7 (Bankr. W.D. Va. 2011).

issue additional forms for use under the Code. The forms shall be construed
to be consistent with these rules and the Code.

*See also*, *In re Smith*, 2015 WL 2452946 at *1 n.1, 2015 Bankr. LEXIS 1716 at *3 n.1 (Bankr. D. Kan. May 19, 2015).

The reason the numbering for the Reaffirmation Agreement form was changed to a four digit number is because that is the new numbering protocol for "Director's Bankruptcy Forms". Generally, the use of "Director's Forms" is not mandatory. *See*, *In re Rogers*, 2015 WL 1515203 at *7, 2015 Bankr. LEXIS 981 at **16-17 (Bankr. S.D. Ga. March 30, 2015); *In re Gross*, 2009 WL 2882828 at *4 n.6, 2009 Bankr. LEXIS 2761 at *12 n.6 (Bankr. E.D. Va. Aug. 28, 2009); *In re Binion*, 2006 WL 2668464 at *2, 2006 Bankr. LEXIS 2372 at *5 (Bankr. N.D. Ohio Sept. 15, 2006).

In 2006, an unpublished bankruptcy court decision addressed the issue of whether the bankruptcy court could enforce an administrative order[4], requiring the use of the Director's Procedural Form for reaffirmation agreements. In that decision, citing 28 U.S.C. Section 2075, 11 U.S.C. Section 105(a) and Federal Rules of Bankruptcy Procedure 9009 and 9029, the court held that requiring the use of the "Director's Procedural Form" through a General Order was an appropriate use of the court's power to prescribe practice and procedures, and manage its docket. *In re Binion*, 2006 WL 2668464 at *2, 2006 Bankr. LEXIS 2372 at *5 (Bankr. N.D. Ohio Sept. 15, 2006).

The attorney for the creditor in *Binion* had argued that the reaffirmation form he had drafted was better, and more compliant with the requirements of §524 than the Director's

---

[4]/ At that time, General Order 05-6 was in effect, using language almost identical to Local Rule 4008-1.

Procedural Form. Therefore, he asserted, the use of the creditor's reaffirmation form should be permitted. In rejecting this argument, the *Binion* court cited the need for administrative efficiency in judicial review of reaffirmation agreements, and the court's power to "regulate practice". Accordingly, the *Binion* decision denied the motion for approval of the non-conforming reaffirmation agreement. *In re Binion*, 2006 WL 2668464 at *5, 2006 Bankr. LEXIS 2372 at *16 (Bankr. N.D. Ohio Sept. 15, 2006); *see also*, *In re Lee*, 356 B.R. 177, 179 (Bankr. N.D. W. Va. 2006)(use of old form resulted in notice of deficiency and order declaring reaffirmation agreement to be defective and unenforceable based on absence of information required by §524(k) and (m)).

Today, it is the language of Local Bankruptcy Rule 4008-1 that requires parties to use the most current version of "Form B240A or Form B240A/B". Credit Union points to Local Bankruptcy Rule 1001-1(a), which states: "Nothing in these Rules shall be construed in a manner inconsistent with the Federal Rules of Bankruptcy Procedure." The Credit Union argues that the forms used were in substantial compliance with the Bankruptcy Rules and were: 1) accepted for filing; and, 2) legally sufficient to support the reaffirmation of the debt.

The first point, regarding acceptance for filing, misses the mark because bankruptcy clerks are prohibited from refusing "to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." *See*, *New Boston Dev. Co. v. Toler (In re Toler)*, 999 F.2d 140 (6th Cir. 1993); *Shuler v. Garrett*, 715 F.3d 185 (6th Cir. 2013)(applying the same rule to electronic filing).

However, the fact that no filing deficiency or show cause order was issued does demonstrate that, unlike the form filed in *Binion*, the reaffirmation form submitted in this case

did not affect the administrative efficiency of the court - the minor differences in the form were not detected by the Clerk's Office or the court.

The second point made by the Credit Union hits closer to the mark. In terms of meeting the requirements of the Bankruptcy Code, the Reaffirmation Agreement form was legally sufficient for purposes of satisfying the statutory requirements of §524 when it was issued by the Director of the Administrative Office in 2009. Because there were no intervening changes made in the text of §524 between 2009 and 2011, the "obsolete" form would continue to meet the statutory requirements.

The requirements of §524(c) and (d) "grew out of a long history of coercive and deceptive actions by creditors" and "have been applied strictly by the courts to carry out their remedial purposes". 4 Collier on Bankruptcy, ¶524.04 at 534-41 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). In order for a reaffirmation agreement to be enforceable, the creditor must make detailed disclosures regarding the reaffirmed debt and the credit terms involved. *See*, 11 U.S.C. §524(c)(2), (k).

However, the forms that have been crafted to implement these reaffirmation requirements are not subject to the rule of strict adherence that apply to the statutory reaffirmation requirements. *Cf*, Federal Rule of Bankruptcy Procedure 9009; *Booth v. National City Bank (In re Booth)*, 242 B.R. 912, 916 (6th Cir. BAP 2000)(allowing creditor to negotiate a requirement for written rescission under pre-BAPCPA law). Moreover, invalidating a reaffirmation agreement based upon a failure to strictly adhere to a local rule would appear to run afoul of Rule 9029(a)(2), which states: "(2) A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights

7

15-03067-jpg    Doc 15    FILED 08/05/16    ENTERED 08/05/16 16:52:22    Page 7 of 16

because of a nonwillful failure to comply with the requirement."

There are cases in which reaffirmation agreements have been held to be void because of the use of obsolete forms. *See e.g.*, *In re Lee*, 356 B.R. 177, 179 (Bankr. N.D. W. Va. 2006); *In re Delaney*, 2011 WL 1749596 at *4, 2011 Bankr. LEXIS 1652 at *10 (Bankr. C.D. Ill. May 6, 2011); *In re Quintero*, 2006 WL 1351623 at *3, 2006 Bankr. LEXIS 906 at *7 (Bankr. N.D. Cal. May 5, 2006). However, in those cases, the obsolete forms were held to warrant a finding that the agreements were unenforceable because the statutorily required disclosures required by §524(c)(2) and (k) were not included, not because the reaffirmation agreements were not submitted using the most recent version of the forms.

In this case, the Reaffirmation Agreement in issue complied with the requirements of §524. *See*, *Gomez v. Wells Fargo Bank, N.A. (In re Gomez)*, 473 B.R 322, 325 (Bankr. W.D. Ark. 2012)(form strictly complies with the provisions of §524(c)(2) and (k)). Moreover, there is no evidence that the failure to comply with the requirement of the Local Bankruptcy Rule was "willful". Reading Local Bankruptcy Rules 4008-1 and 1001-1(a) in conjunction with Federal Rules of Bankruptcy Procedure 9009 and 9029(a)(2), leads this court to conclude that causing Maumee Valley Credit Union to "lose rights" based on a nonwillful violation of a Local Rule requiring parties to use the most current version of a Director's Bankruptcy Form would be inconsistent with the purpose of the national and local bankruptcy rules.

Further, to the extent that reaffirmation agreements, as contracts, are made subject to applicable state contract law, there is no state law basis for voiding an otherwise enforceable contract based upon the use of a superseded - but still statutorily compliant - form. *See*

8

*generally*, *Slayersville National Bank v. Bailey (In re Bailey)*, 664 F.3d 1026 (6th Cir. 2011).

Finally, the passage of time is a factor that weighs in favor of finding the reaffirmation agreement to be enforceable. *Cf.*, Federal Rule of Civil Procedure 60(c)(1) (motion for relief from final judgments, orders or proceedings must be made within a reasonable time); *United Student Aid Funds, Inc. v. Espinosa*, 559 U. S. 260, 275, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010)(discharging student loan debt through a Chapter 13 Plan was improper, but too much time had passed to void the Plan provision).

Accordingly, the use of the obsolete, but only slightly different, Director's Bankruptcy Form that complied with the requirement of the underlying statute, does not make the Reaffirmation Agreement unenforceable.

**2. The Failure To Sign The Reaffirmation Agreement Cover Sheet.**

The Reaffirmation Agreement Cover Sheet - unlike the form for the Reaffirmation Agreement itself - is an Official Form. The Form B27, adopted as an Official Form in 2009, was not changed until December 1, 2015. The version of the cover sheet used by the parties in 2012 was the current version of that form.

Federal Rule of Bankruptcy Procedure 4008(a) states, in pertinent part: "The reaffirmation agreement shall be accompanied by a cover sheet, prepared as prescribed by the appropriate Official Form."

The use of the term "shall" in the first sentence of Rule 4008(a) has been held to be mandatory. *See*, *In re Perkins*, 418 B.R. 680 (Bankr. M.D.N.C. 2009); *see also*, *In re Schmidt*, 2009 W L 587690, 2009 Bankr. LEXIS 1430 (Bankr. N.D. Ohio April 16, 2009). At least one court has held that the use of the term "shall" in the second sentence of Rule

9

4008(a), which states the cover sheet requirement, is also mandatory. *See*, *In re Zahos*, 2012 WL 2384372 at *2, 2012 Bankr. LEXIS 2879 at *5 (Bankr. C.D. Ill. June 25, 2012). Further, it appears that the signature requirement is - as stated in the second sentence of Rule 4008(a) - "prescribed by the appropriate Official Form." Moreover, the Reaffirmation Agreement Cover Sheet, Official Form 27, itself states: "This form must be completed in its entirety. . .". [Case No. 11-35802, Doc. #24, p. 1].

The missing signature is located at the end of the Reaffirmation Cover Sheet. [Doc. #24, p. 2]. The signature line is below a capitalized heading: "FILER'S CERTIFICATION". Above the signature line is the statement: "I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet." *Id*.

In response, Maumee Valley Credit Union cites to the version of Rule 11 used in bankruptcy cases, Federal Rule of Bankruptcy Procedure 9011(a), which states in pertinent part:

> An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

At each hearing on this matter, counsel for Defendant Maumee Valley Credit Union has offered to sign the certification, presumably to cure the problem of the missing signature by promptly correcting the problem after it was called to Defendant's attention.

The *Zahos* court discusses the requirement that a party file a reaffirmation agreement cover sheet:

> As with the requirement in the first sentence of Rule 4008(a), the second sentence, concerning the filing of a cover sheet, also states that, "The

> reaffirmation agreement **shall** be accompanied by a cover sheet . . ." (emphasis added.) As with the requirement found in the first sentence of Rule 4008(a), the Court finds that the language of the second sentence requiring the filing of a cover sheet with a reaffirmation agreement is unambiguous. By use of the word "shall" it is clear that the drafters intended the filing of a cover sheet with a reaffirmation agreement to be mandatory. Given the clear meaning of the provisions of Rule 4008(a) and the logic of cases interpreting the 60 day filing requirement, this Court must conclude that, as with the failure to file reaffirmation agreements within the 60 day time period, the failure to file a reaffirmation agreement without a cover sheet renders the reaffirmation agreement invalid and unenforceable.

*First State Bank v. Zahos (In re Zahos)*, 2012 WL 2384372 at \*2, 2012 Bankr. LEXIS 2879 at \*5 (Bankr. C.D. Ill. June 25, 2012).

Thus, under *Zahos*, the court could find that the filing of an unsigned cover sheet is the equivalent of filing a reaffirmation agreement without a cover sheet, rendering the reaffirmation agreement invalid and unenforceable. Further, the Reaffirmation Agreement Cover Sheet ("Cover Sheet") states that the document "must be completed and filed . . . within the time set under Rule 4008." [Doc. #24, p. 1]. This could potentially support a finding that the Reaffirmation Agreement was not timely filed, and is therefore unenforceable. However, this does not appear to be consistent with the purpose of the Cover Sheet form. The form was created to assist bankruptcy courts in making an efficient determination as to whether or not the reaffirmed debt would be an "undue hardship" to the debtor.

A review of the Cover Sheet form reflects that much of what it contains is a summary of the information contained in the reaffirmation agreement. The Advisory Committee Notes for the 2009 Amendment to Rule 4008(a) stated:

> Subdivision (a) of the rule is amended to require that the entity filing

11

15-03067-jpg    Doc 15    FILED 08/05/16    ENTERED 08/05/16 16:52:22    Page 11 of 16

> the reaffirmation agreement with the court also include Official Form 27, the Reaffirmation Agreement Cover Sheet. The form includes information necessary for the court to determine whether the proposed reaffirmation agreement is presumed to be an undue hardship for the debtor under § 524(m) of the Code.

This 2009 Amendment to 4008(a) made changes intended to supplement the 2008 Amendment to 4008(a), requiring reaffirmation agreements to be filed within 60 days after the first meeting of creditors. As stated in the Advisory Committee Notes, the purpose of the cover sheet is to provide the court with information necessary to determine whether the proposed reaffirmation agreement is presumed to be an undue hardship for the debtor under §524(m). *See*, 9 Collier on Bankruptcy, ¶4008.3 at 4008-4 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). "The cover sheet provides in one place all of the key facts the court is likely to need for this purpose." *Id.*

In this case, the cover sheet does not provide additional material information. It is a summary of the information that is set forth in the Reaffirmation Agreement, and in Schedules I and J. The additional information that may be included in the cover sheet is an explanation of any differences between the income and expenses listed in Schedules I and J and the (sometimes different) income and expenses listed in the Reaffirmation Agreement. *See*, 11 U.S.C. §524(k)(6)(A); Federal Rule of Bankruptcy Procedure 4008(b); 2009 Committee Note for Official Form B27. For both income and expenses, the answers on the Form B27 were "N/A". Again, there has been no allegation that any of the information - in the Form B27 cover sheet, or in the more detailed Reaffirmation Agreement (which was signed by Debtors and the Credit Union), or the information that was filed by the Debtors in Schedules I and J - was in any way incorrect.

15-03067-jpg    Doc 15    FILED 08/05/16    ENTERED 08/05/16 16:52:22    Page 12 of 16

It is also important to note that the cover sheet is to be signed by the "filer". *See*, Form B27. The 2008 Advisory Committee Notes to Rule 4008 state, in pertinent part; "Any party may file the [reaffirmation] agreement with the court. Thus, whichever party has a greater incentive to enforce the agreement usually will file it." Thus, the Bankruptcy Rules contemplate that the debtor may be the party tasked with filing a reaffirmation agreement. In such instances, it would be the debtor who would be required to sign the Form B27 [now Form B427]. This leads to a concern that a blanket rule holding that failure to sign the reaffirmation cover sheet voids the agreement could lead to a negligent debtor losing their home or car if the situation were reversed, and a debtor were the "filer".

The decision in *Maynard* appears to bear some similarity to the present case. *See*, *In re Maynard*, 2013 WL 1290406, 2013 Bankr. LEXIS 1250 (Bankr. N.M. March 26, 2013). In that case, when the creditor filed the reaffirmation agreement, one page was not included. The debtor sought to reopen the Chapter 7 case to litigate the issue of the validity of the reaffirmation agreement. Although the *Maynard* court found that the state court decision left the bankruptcy court without subject matter jurisdiction under the *Rooker-Feldman* doctrine, it also considered whether the agreement should be rendered invalid because of the missing page.

The *Maynard* decision cited *In re Merritt*, 366 B.R. 637 (Bankr. W.D. Tex. 2007) for proposition that omissions can be cured. In the *Merritt* case, the court found that the creditor had "rather obviously dropped the ball" in not filing a reaffirmation agreement until fourteen months after the discharge was granted. Nevertheless, the *Merritt* court found that the agreement was not rendered unenforceable "by its extraordinarily tardy filing." *Id*, at 640.

13

Based on the reasoning in *Merritt*, the *Maynard* court reasoned that: "Ford could cure any omission by seeking to reopen Debtors' bankruptcy case to file the missing page." *Maynard*, 2013 WL 1290406 at *5, 2013 Bankr. LEXIS 1250 at *14 (Bankr. N.M. March 26, 2013).

The situation here is similar to that in *Maynard*, although in the present case what was missing (the signature) was not part of the statutorily required reaffirmation disclosures.

The last sentence of Federal Rule of Bankruptcy Procedure 9011(a) and Federal Rule of Civil Procedure 11(a) are not identical, but the differences are minor. Rule 11(a) states: "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Bankruptcy Rule 9011(a) states: "An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."

The Supreme Court has interpreted Rule 11(a) in a manner which appears to be controlling here:

> As plainly as Civil Rule 11(a) requires a signature on filed papers, however, so the rule goes on to provide in its final sentence that "omission of the signature" may be "corrected promptly after being called to the attention of the attorney or party." "Correction can be made," the Rules Advisory Committee noted, "by signing the paper on file or by submitting a duplicate that contains the signature." Advisory Committee's Notes on Fed. Rule Civ. Proc. 11, 28 U.S.C. App., p. 666.
>
> Amicus urges that only the first sentence of Civil Rule 11(a), containing the signature requirement -- not Rule 11(a)'s final sentence, providing for correction of a signature omission -- applies to appeal notices. Appellate Rule 1(a)(2)'s direction to "comply with the practice of the district court" ceases to hold sway, amicus maintains, once the notice of appeal is transmitted from the district court, in which it is filed, to the court of appeals, in which the case will proceed. Brief of Amicus Curiae in Support of the Judgment Below 15-18, and nn. 18-20.

15-03067-jpg    Doc 15    FILED 08/05/16    ENTERED 08/05/16 16:52:22    Page 14 of 16

> Civil Rule 11(a), in our view, cannot be sliced as amicus proposes. The rule was formulated and should be applied as a cohesive whole. So understood, the signature requirement and the cure for an initial failure to meet the requirement go hand in hand. The remedy for a signature omission, in other words, is part and parcel of the requirement itself. Becker proffered a correction of the defect in his notice in the manner Rule 11(a) permits -- he attempted to submit a duplicate containing his signature, see supra, at 3 -- and therefore should not have suffered dismissal of his appeal for nonobservance of that rule.

*Becker v. Montgomery*, 532 U.S. 757, 764-765, 121 S. Ct. 1801, 1806,149 L.Ed.2d 983, 991 (2001).

Construing Rule 9011(a) as a "cohesive whole", the prompt signing remedy is "part and parcel" of the signature requirement itself. Notably, the Cover Sheet form in issue was created and adopted after the *Becker* decision.

Accordingly, the request of Defendant Maumee Valley Credit Union to sign the Cover Sheet, which was made at the first pre-trial where the lack of signature was raised as an issue (meeting the requirement that the signing be "prompt") will be granted, and the Reaffirmation Agreement is held to be enforceable.

**3. The Consequences Of Defendant's Failure To Sign The Reaffirmation Agreement Cover Sheet.**

The court is left with the problem central to the *Binion* decision: compliance with the rules. If creditors can sign Cover Sheets long after they have been filed, what incentives does a creditor have to put in place systems to make sure that the Cover Sheets are signed prior to filing? While striking the reaffirmation agreement as untimely, based on the failure to sign

15-03067-jpg    Doc 15    FILED 08/05/16    ENTERED 08/05/16 16:52:22    Page 15 of 16

the Cover Sheet, is not the proper consequence under the facts in this case,[5] that does not mean that there are no consequences.

While *in rem* liability on the mortgage obligation is not affected by this decision, interest on the personal liability of the Debtors on the $12,690.88 reaffirmed under the reaffirmation agreement [Case No. 11-35802, Doc. #24] will not begin to run until the date counsel for the Defendant offered to sign the Cover Sheet on August 24, 2015.

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment be, and hereby is, **GRANTED**, and Plaintiffs' Motion for Summary Judgment be, and hereby is, **DENIED**; and

**IT IS FURTHER ORDERED** that the reaffirmation agreement be, and is hereby, held to be valid; and

**IT IS FINALLY ORDERED** that interest on the personal obligation that was reaffirmed will commence from August 24, 2015, the date of the first pre-trial held on this adversary proceeding. A separate judgment on the Complaint will be entered in accordance with this Memorandum of Decision.

# # #

---

[5]/ *Cf., Small v. Arch Capital Group, Ltd.*, 2005 WL 2584158, 2005 U.S. Dist. LEXIS 23520 (S.D.N.Y. Oct. 12, 2005).